UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RODOLFO BENITEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-03619 |
| § | |
| AMGUARD INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the Court are the defendant's, AmGuard Insurance Company, motion to strike and motion for summary judgment (DEs 12 & 13). The plaintiff, Rodolfo Benitez, has responded (DEs 14 & 15), and the defendant has replied (DEs 16 & 17). After reviewing the motions, the pleadings, the record, and the applicable law, the Court determines that the motion for summary judgment should be **GRANTED**.[1]

### II. FACTUAL BACKGROUND

This is an insurance dispute. On June 15, 2021, the plaintiff made a claim under his home insurance policy ("the Policy") with AmGuard Insurance Company, reporting water damage from what he thought was a shower pan leak. AmGuard dispatched an inspector, who in turn sent a plumber, who found no plumbing leaks in the plaintiff's home. When the plaintiff told the plumber that water was present

---
[1] Because the Court grants the defendant's motion for summary judgment, the motion to strike is moot.

only during heavy rains, the plumber inspected the exterior wall and found multiple gaps through which rainwater could enter. AmGuard thus denied the claim based on a surface water exclusion in the Policy. The plaintiff sued AmGuard in state court for breach of contract, Insurance Code claims, and Deceptive Trade Practice claims. AmGuard removed the case to this Court.

## III.   CONTENTIONS OF THE PARTIES

AmGuard contends that the plaintiff has no evidence to prove his claims. Even if he can, AmGuard argues, the Policy excludes damage from rainwater. What is more, AmGuard insists that the Policy does not even apply because it requires that the plaintiff live at the property, while the plaintiff admits he rents the property to someone else. Finally, AmGuard argues that the plaintiff has breached his duty to cooperate, including refusing to divulge that he settled with a contractor who renovated a pool deck after it led to water runoff.

The plaintiff retorts that a fact issue exists regarding the extent of the damage to his home. He asserts that AmGuard's adjustor represented that the claim would be covered, which estops AmGuard from denying coverage. The plaintiff also urges that the fact he recovered from the contractor is immaterial, because it was his daughter, not he, who recovered from the contractor.

## IV.   STANDARD OF REVIEW

Summary judgment is appropriate where the filings and the record show that "there is no genuine issue as to any material fact and that the movant is entitled to

2 / 6

judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). The court must construe "all facts and inferences . . . in the light most favorable to the nonmoving party." *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying where the record "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets its burden, the burden shifts to the nonmovant to "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

## V.     ANALYSIS & DISCUSSION

The plaintiff insists that rainwater caused the damage to his house. But he does not respond to AmGuard's argument that the Policy excludes "surface water," which Texas courts have construed to include rainwater. "The ordinary meaning of the words 'surface water' in the [plaintiff's] policy reasonably can include rainwater that has collected on the surface of their patio." *Crocker v. Am. Nat. Gen. Ins. Co.*, 211 S.W.3d 928, 936 (Tex. App. 2007). Thus, even if the plaintiff could show that rainwater caused his damage, the Policy's exclusions prevent his recovery.

The plaintiff's only substantive response is to argue that AmGuard is estopped from denying coverage based on its adjuster's alleged representations that the claim would be covered. There are two problems with this argument. First, "[u]nder Texas law, 'the doctrines of waiver and estoppel cannot be used to create insurance coverage where none exists under the terms of the policy.'" *Am. Int'l Specialty Lines Ins. Co. v. Res-Care Inc.*, 529 F.3d 649, 658 (5th Cir. 2008) (quoting *State Farm Lloyds, Inc. v. Williams*, 791 S.W.2d 542, 550 (Tex. App. 1990)). Second, the only evidence for this allegation is the plaintiff's unsworn testimony, making its first appearance as an attachment to the plaintiff's response briefing. It was never provided in response to written discovery, and therefore cannot sustain this attempt to thwart summary judgment at the last moment.

AmGuard also unearthed several facts through its own subpoena of a separate insurance company that suggest a certain duplicity on the part of plaintiff and his counsel. Apparently, the plaintiff renovated his pool deck, and eventually settled with the pool deck contractor after his daughter complained that the renovated pool deck caused water damage to the house. The plaintiff divulged none of this information to AmGuard or to the Court.

The only part of this that the plaintiff disputes is that it was his daughter, the "tenant" of the property in question, who commissioned the pool renovation and settled with the contractor. The plaintiff's briefing describes the plaintiff as a "rental property owner," and states that "at the time of the rainwater damage event, Mr. Benitez's property was being rented to tenants who directly managed the pool deck

4 / 6

remodeling project." This reveals an entirely new deficiency in the plaintiff's claims.[2] The Policy covers only the plaintiff's "residence premises."[3] The Policy defines that to mean the place where the insured resides. Additionally, the Policy lists only one "named insured"—Rodolfo Benitez. Thus, because the plaintiff does not live at the property, he cannot recover. *Am. Risk Ins. Co., Inc. v. Serpikova*, 522 S.W.3d 497, 504 (Tex. App. 2016); "The burden is on the insured to show that a claim against him is potentially within the scope of coverage under the policies." *Federated Mut. Ins. Co. v. Grapevine Excavation Inc.*, 197 F.3d 720, 723 (5th Cir. 1999).

These undisclosed facts also trigger the Policy's duty to cooperate in the investigation of any claim. By refusing to disclose that the pool deck was renovated, that someone had been paid for water damage related to it, and that he did not live at the property, AmGuard argues that the plaintiff breached the duty to cooperate with the investigation. The plaintiff does not respond to this argument.

For multiple independent reasons, then, the plaintiff cannot recover under the Policy. The plaintiff's inability to recover Policy benefits also imperils his statutory claims. "[T]he 'general rule' is that 'an insured cannot recover policy benefits as actual

---

[2] This fact would have come to light much earlier if the plaintiff had followed the rules, the Court's order, and common standards of professional conduct for the discovery process. As it is, the Court, AmGuard, and everyone associated with this case have been forced to unnecessarily expend valuable resources.

[3] "'Insured location' means: a. The 'residence premises'; b. The part of other premises, other structures and grounds used by you as a residence; and (1) Which is shown in the Declarations; or (2) Which is acquired by you during the policy period for your use as a residence; c. Any premises used by you in connection with a premises described in a. and b. above; d. Any part of a premises: (1) Not owned by an 'insured'; and (2) Where an 'insured' is temporarily residing; e. Vacant land, other than farm land, owned by or rented to an 'insured'; f. Land owned by or rented to an 'insured' on which a one-, two-, three- or four-family dwelling is being built as a residence for an 'insured'; g. Individual or family cemetery plots or burial vaults of an 'insured'; or h. Any part of a premises occasionally rented to an 'insured' for other than 'business' use."

damages for an insurer's statutory violation if the insured has no right to those benefits under the policy.'" *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 134 (Tex. 2019) (quoting *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 495 (Tex. 2018)). Because the plaintiff offers no persuasive reason to except this case from the "general rule"—and he has no evidence to support his statutory claims—AmGuard is entitled to summary judgment on those claims, as well.

## VI. CONCLUSION

For the foregoing reasons, AmGuard is entitled to summary judgment on each of the plaintiff's claims.

It is so **ORDERED**.

SIGNED on April 2, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge