# United States Court of Appeals for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
December 27, 2024
Nathan Ochsner, Clerk of Court

No. 24-20140
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
December 5, 2024
Lyle W. Cayce
Clerk

Rodolfo Benitez,

*Plaintiff—Appellant*,

*versus*

AmGUARD Insurance Company,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-3619

---

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

After a botched pool-deck renovation caused surface water to seep into his rental property, Plaintiff-Appellant Rodolfo Benitez brought coverage and extracontractual claims against his homeowners insurer, which were dismissed on summary judgment. We AFFIRM because the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20140

undisputed evidence attributes Benitez's loss to surface water and faulty workmanship, which the policy excludes from coverage.

I.

Benitez is the named insured on a homeowners policy issued by Defendant-Appellee AmGUARD Insurance Company, covering a single-family residence at 3931 Pleasant Valley Drive, Missouri City, Texas. The policy excludes from coverage loss "directly or indirectly" caused by "surface water" and loss caused by "[f]aulty, inadequate or defective: b. Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction[.]"

There's no evidence Benitez ever lived at Pleasant Valley Drive; rather, he let the property to his daughter, who arranged a pool-deck renovation in March 2021. During the project, her contractor removed flower beds previously abutting the house, extended a stamped-concrete deck to the home's exterior wall, and added a few small drains. The drains were no match for heavy Texas rains, so water pooled against the house and seeped through weep holes in the brick exterior, damaging interior flooring and drywall. The contractor admitted faulty workmanship.

In June 2021, Benitez made a claim with AmGUARD for water damage of unknown origin, though he suggested a leaky shower pan. AmGUARD dispatched an inspector but not much was found—only painted-over "water damage to the wall paneling in the living room" and an "an exploratory hole" presumably cut in the bathroom's drywall to source the leak. AmGUARD next sent a leak-detection vendor who concluded water was seeping through gaps in the home's brick exterior during heavy rains. AmGUARD denied Benitez's claim based on its policy's surface-water and faulty-workmanship exclusions.

2

No. 24-20140

At the same time Benitez was pursuing his claim with AmGUARD, his tenant-daughter made a claim with the pool contractor's general-liability insurer. That claim yielded a $35,000 payout for water remediation, new flooring, drywall, and paint. Benitez paid roughly $25,000 for the repairs.

After the pool-contractor payout, Benitez sued AmGUARD in Texas state court, asserting coverage and extracontractual claims. AmGUARD removed based on diversity jurisdiction and later "unearthed" details of the pool renovation and subsequent insurance claim against the contractor's carrier.[1] It also moved for summary judgment in part based on an engineer's expert opinion that surface water and faulty workmanship caused Benitez's loss.[2] The district court granted the motion in accordance with the policy's surface-water exclusion and definition of "residence premises."[3]

## II.

We review the grant of a motion for summary judgment de novo, applying the same standard as the district court.[4] Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] Because we're exercising diversity jurisdiction over state-law claims, we apply state substantive law as expressed by the legislature and final decisions

---

[1] Benitez did not disclose these facts during discovery.

[2] AmGUARD also argued Benitez's duplicity voided coverage under the policy's cooperation and antifraud provisions and raised the policy's "residence premises" provision requiring that Benitez reside at Pleasant Valley for coverage to attach.

[3] The court also found Benitez breached his policy-created duty to cooperate with AmGUARD's investigation.

[4] *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 215 (5th Cir. 2024).

[5] FED. R. CIV. P. 56(a).

3

No. 24-20140

of the state's highest court.[6] "When there is no ruling by the state's highest court, it is the duty of the federal court to determine as best it can, what the highest court of the state would decide."[7]

### III.

The competent summary-judgment evidence—consisting of AmGUARD's initial investigation, that of the pool contractor's insurer, and AmGUARD's expert report—uniformly identifies the pool renovation and inadequate drainage as the cause of Benitez's loss. Benitez offers no competing proof.[8] Instead, he urges a definition of "surface water" from the Texas Water Code, but fails to explain how the Water Code saves his claim or how its definition differs from that employed in Texas coverage disputes— waters "which have diffused themselves over the surface of the ground, following no defined course or channel, and which have not gathered into or formed a natural body of water, and are lost by evaporation, percolation, or natural drainage."[9] Based on this long-established definition, Texas intermediate courts have enforced surface-water exclusions where rainwater collected on a patio and seeped into a house, where water drained into a home from a flower bed, and where water intruded through an electrical meter

---

[6] *Rogers v. Corrosion Prods., Inc.*, 42 F.3d 292, 295 (5th Cir. 1995); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

[7] *Transcon. Gas Pipe Line Corp. v. Transp. Ins. Co.*, 953 F.2d 985, 988 (5th Cir. 1992).

[8] Summary judgment was proper on this ground alone. FED. R. CIV. P. 56(e)(2) (stating court may consider a fact undisputed if a party "fails to properly address another party's assertion of fact").

[9] *Sun Underwriters Ins. Co. of N. Y. v. Bunkley*, 233 S.W.2d 153, 155 (Tex. App.—Fort Worth 1950, writ ref'd); *State Farm Lloyds v. Marchetti*, 962 S.W.2d 58, 61 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) (citing *Transamerica Ins. Co. v. Raffkind*, 521 S.W.2d 935, 939 (Tex. App.—Amarillo 1975, no writ); *Employers' Fire Ins. Co. v. Howsley*, 432 S.W.2d 578, 580 (Tex. App.—Amarillo 1968, no writ)).

4

No. 24-20140

conduit.[10] Benitez does not distinguish these authorities; nor does he address the policy's faulty-workmanship exclusion.[11] His coverage claim fails as a matter of law.

Benitez's extracontractual claims, which he does not brief, fare no better.[12] "An insured cannot recover *any* damages based on an insurer's statutory violation unless the insured establishes a right to receive benefits under the policy or an injury independent of a right to benefits."[13] Due to the exclusions, Benitez has no "right to receive benefits under the policy" and he has raised no genuine dispute as to any material fact of "an injury independent of a right to benefits."[14] The district court's judgment is AFFIRMED.

---

[10] *Crocker v. Am. Nat'l Gen. Ins. Co.*, 211 S.W.3d 928, 936 (Tex. App.—Dallas 2007, no pet.); *Tsai v. Liberty Mut. Ins. Co.*, No. 1-14-677-CV, 2015 WL 6550769, at *7 (Tex. App.—Houston [1st Dist.], Oct. 29, 2015, no pet.); *Safeco Ins. Co. of Ind. v. Moss*, No. 3-16-879-CV, 2017 WL 2856750, at *1-2, 5 (Tex. App.—Austin [3d Dist.], Jun. 29, 2017, pet. denied) (mem. op.).

[11] *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021); *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008) (holding we "may affirm a grant of summary judgment on any grounds supported by the record and presented to the court below.").

[12] *JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (briefing inadequate where party failed "to offer any supporting argument or citation to authority" or to "identify relevant legal standards and any relevant Fifth Circuit cases") (internal quotation marks omitted); *Rollins*, 8 F.4th at 397 n.1.

[13] *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018) (emphasis in original).

[14] *Id.*

5